Turn to the day calendar. The first case is Libby v. Burwell. May it please the court, I am Michael Libby. I am the plaintiff pro se in this action. I brought this action challenging the constitutionality of the Affordable Care Act on ten grounds. Nine counts listed in my brief, pages four to six, plus the additional cause that as an ulster, I am wronged by the ACA's institutionalizing diminished standards of care for elderly, as explained in the complaint in my brief, pages three and four, and 12 to 14. And I claim standing on three grounds. That the ACA diminished the asset value of my Medicare policy by taking from Medicare $716 billion in the next decade to fund the ACA. Two, that as an ulster, I am wronged by the ACA's institutionalizing a diminished standard of care for the elderly. And three, that I'm suffering an aesthetic damage which has in the past yielded article three standing. That I'm suffering an aesthetic damage by being put into a disadvantaged class by the ACA, a disadvantaged class to get less, subject to less care because of my age. The court below in dismissing the complaint addressed only one of my ten causes of action. My challenge to the individual mandate, saying that it was foreclosed by NFIB v. Which held the individual mandate to be a constitutional tax. The decision below also said that I had no standing and had not established injury in fact. The government's answering brief just ignored the aesthetic basis for standing and leaving it unaddressed. And so they may have waived their right of opposition. The other two causes of standing, the government opposes saying that I have not yet suffered a concrete particularized injury. Disputing my claim that unless I go to my reward suddenly and quickly, I will certainly be subjected to the medical system created by the ACA. The discrimination against the elderly and with the Medicare that will have lesser resources. The certainty of this, that they now deny, is exactly the opposite of what the government said in NFIB v. On page 2585 of the unofficial reports, I quote now from the Supreme Court decision that said, according to the government, everyone will eventually need health care at a time to an extent they cannot predict. On page 2589 of the same decision, and I quote from the decision, the government sees things differently. It argues that because sickness and injury are unpredictable, etc. And on page 2590, the government argues, everyone subject to this regulation, the individual mandate, is or will be in the health care market that can be regulated in advance. The government regards it as sufficient to trigger Congress's authority that almost all those who are insured will, at some unknown point in the future, engage in a health care transaction. And so, in NFIB, they argued on the inevitability of one needing health care, and now they say the very opposite. I say they had it right the first time. Another point in the government's brief to be addressed is the assertion that my presenting only the headings of my counts is insufficient and that precludes the court from considering them. In addition to the response I give in my reply brief, the court should note the following. The government, in its answering brief, disputes the merits of my counts. The answering brief, pages 5 and 6, 21 and 22. Thus, the government has raised on my counts issues that I responded to in my reply brief, pages 13 and 14. Thus, the government, in attacking my counts on the merits, while at the same time claiming that the court has foreclosed from reviewing my counts because they were inadequately presented, they cannot have it both ways. They have joined issue on them. The issue was further joined by my response, reply brief 13 and 14. Thus, in challenging my points, the government has presented this court with a joined issue, and any joined issue before it might be reviewed by this court. It might also be noted that the counts given in the brief, pages 4 and 6, were not merely argument headings, but gave the reasons for them as well. Under New York law, affirmance in a brief supported by the record are to be reviewed. I gave four supporting citations to this in my letter to the court clerk under 20AJ. Thank you. Mr. Libby, your time has run out. You didn't reserve any time, so the government gets a turn now. Thank you very much. Good morning. My name is Rachel Balaban, and I'm an assistant U.S. attorney for the Eastern District of New York, representing the defendants appellees in this matter. The district court correctly dismissed Mr. Libby's challenge to the Affordable Care Act, because Mr. Libby has not alleged a concrete or particularized injury, which is actual or imminent, but instead would be conjectural or hypothetical. Neither has Mr. Libby asserted third-party standing, which still requires an injury in fact by the litigant, but also he has to establish a close relationship to third parties, and that those third parties have a barrier for asserting their own interests. Mr. Libby has not similarly asserted third-party standing. All that Mr. Libby has asserted is a generalized grievance to the government, which affects a class of people in a substantially similar way, which does not confer standing. Therefore, the government submits that Mr. Libby has not shown that any changes to Medicare has caused Mr. Libby to experience any type of cognizable injury, which would confer standing, and therefore the Second Circuit should affirm the district court's dismissal. I have nothing further, unless the court has any questions for the government. Thanks very much. We'll reserve the decision. Thank you. Thank you. And we'll hear counsel. Thank you, Mr. Libby. Thank you, Ms. Ballard.